# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA ALLEN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1196**  (BOR Appeal No. 2048302)
(Claim No. 2009063350)

**RESCARE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debra Allen, by Reginald D. Henry and Rodney A. Skeens, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. ResCare, by Denise D. Pentino and Aimee M. Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 31, 2013, in which the Board reversed an April 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 4, 2012, decision denying Ms. Allen's request for additional office visits with Karen Hultman, D.O. Its Order also reversed the claims administrator's separate October 4, 2012, decision denying Ms. Allen's request for the medications Neurontin, Lortab, and Mobic. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Allen worked for ResCare as a quality living assistant. On October 4, 2008, she suffered an injury to her right shoulder, back, neck, and ribs when she tried to break up a fight between two residents and was pushed against a wall. The claim was held compensable for right

shoulder strain, cervical spine strain, thoracic strain, and right hip strain. Dr. Hultman recommended the medications Neurontin, Lortab, and Mobic and additional office visits to monitor Ms. Allen's use of the medications. Dr. Hultman found the need for the medications and office visits was directly related to the compensable injury. However, Prasadarao B. Mukkamala, M.D., concluded that the medications and the office visits were not to treat the compensable injury and that Ms. Allen did not require any additional treatment for the compensable injury except for an at home exercise program. Bruce A. Guberman, M.D., opined that further specific treatment is not likely to improve Ms. Allen's impairment but did not specifically state if the medications or office visits were needed for the compensable injury. The claims administrator's decisions denied the medications Neurontin, Lortab, and Mobic and the requested office visits based on Dr. Mukkamala finding the medications and treatment were not causally related to the compensable injury.

The Office of Judges reversed the claims administrator's two separate October 4, 2012, decisions and authorized the requested medications and the office visits based on the reports of Dr. Hultman. The Board of Review reversed the Order of the Office of Judges and denied the medications and the additional office visits. On appeal, Ms. Allen disagrees and asserts that her treating physician, Dr. Hultman, has continuously prescribed these medications for her pain and symptoms relating to the compensable injury. She further asserts that the Office of Judges was not clearly wrong in giving greater weight to the opinion of Dr. Hultman because Dr. Hultman is in the best position to determine her treatment needs and the relation of the treatment to her compensable injury. ResCare maintains that Dr. Hultman's records clearly show that in addition to the compensable injuries that she also has been treating Ms. Allen for two significant, non-compensable conditions, disc disorder other/unspecified cervical and arthritis, for the same body parts as the compensable injury. ResCare further maintains that Dr. Hultman's treatment of non-compensable conditions is particularly relevant in light of the information in Dr. Guberman's report regarding Ms. Allen's numerous prior injuries to her neck and back and her statement to Dr. Mukkamala that she continued to experience neck and back pain following prior auto accidents.

The Office of Judges erred in reversing the claims administrator's decisions. The Office of Judges found Dr. Hultman's opinion most reliable because she is Ms. Allen's treating physician and has continuously prescribed Mobic, Lortab, and Neurontin. The Office of Judges did not give Dr. Guberman's opinion any weight because it found his report did not specifically address the medications or the office visits. Dr. Mukkamala found that the requested treatment and medications were not causally related to the compensable injury and that Dr. Hultman was treating Ms. Allen for her arthritic conditions. The Office of Judges found Dr. Mukkamala's statement that Ms. Allen should have reached maximum medical improvement within six weeks to be speculative and rebutted by Dr. Hultman's records that noted a reduced range of motion in Ms. Allen's cervical, thoracic, and hip area and evidence of muscle spasms that she determined were a direct result of Ms. Allen's injury. The Office of Judges found Dr. Hultman's statement further reliable based on her November 14, 2012, notes that stated Ms. Allen needed Neurontin for nerve pain, Mobic for inflammation and swelling, and Lortab for breakthrough pain.

The Board of Review correctly reversed the Order of the Office of Judges. The Board of Review stated that the claim was held compensable for right shoulder strain, cervical strain, thoracic strain, and right hip strain. The Board of Review pointed out that on January 6, 2012, Dr. Hultman reported Ms. Allen's major problems are disc disorder, thoracic strain, lumbar strain, cervical strain, and arthritis. The Board of Review stated that Dr. Hultman is treating Ms. Allen for two non-compensable conditions, disc disorder and arthritis. The Board of Review concluded that Lortab is a controlled substance and that the evidence does not provide the documentation necessary for the authorization of the medication Lortab as required under West Virginia Code of State Rules §§ 85-20-53, 54-62 (2006). In addition, Dr. Mukkamala concluded that Ms. Allen's current treatment was not related to the compensable injury.

This Court agrees with the Board of Review's decision to reverse the Office of Judges' April 10, 2013, Order. Ms. Allen's compensable injury occurred in 2008 and was only held compensable for soft tissue injuries in the form of sprains. The Board of Review correctly found that Lortab is a controlled substance, of which its use has exceeded the statutory treatment guidelines contained in West Virginia Code of State Rules § 85-20-53.14 (2006). Dr. Guberman and Dr. Mukkamala both evaluated Ms. Allen and found that no additional treatment was medically necessary for the compensable injury. Additionally, Dr. Hultman, the only physician who found the medications and office visits were medically necessary for the compensable injury, was also treating Ms. Allen for two non-compensable conditions concerning the same body areas as early as April 16, 2009. Therefore, this Court concludes that the preponderance of the evidence establishes that the medications and additional office visits are not medically necessary and reasonably required in the course of treatment for the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II